IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ARTHUR JACKSON, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff pro se, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| DEKALB COUNTY JAIL, | :: | CIVIL ACTION NO. |
| Defendant. | :: | 1:14-CV-2994-TWT-WEJ |

**ORDER AND
FINAL REPORT AND RECOMMENDATION**

Plaintiff pro se, Arthur Jackson, presently confined in the DeKalb County Jail in Decatur, Georgia, has filed this civil rights action. The matter is before the Court for consideration of plaintiff's request to proceed in forma pauperis [5] and for an initial screening of the Amended Complaint [3][1] under 28 U.S.C. § 1915A. For the reasons stated below, plaintiff's request to proceed in forma pauperis [5] is **GRANTED**, and the undersigned **RECOMMENDS** that this action be **DISMISSED** for failure to state a claim.

---

[1] "[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).

**I.     APPLICATION TO PROCEED IN FORMA PAUPERIS**

A review of plaintiff's financial affidavit [5] reflects that he has filed an authorization allowing his custodian to withdraw funds from his inmate account and that he has insufficient funds in his inmate account to pay an initial partial filing fee. Accordingly, plaintiff's request to proceed in forma pauperis [5] is **GRANTED**, and plaintiff need not pay an initial partial filing fee. Plaintiff shall, however, be obligated to pay the full statutory filing fee of $350.00 as funds are deposited in his inmate account pursuant to the provisions of 28 U.S.C. § 1915(b)(2). Specifically, the balance of said filing fee shall be paid by, or on behalf of plaintiff, in monthly or other incremental payments in the amount of twenty percent of the preceding month's income credited to plaintiff's inmate account in each month in which his account balance exceeds $10.00. Pursuant to 28 U.S.C. § 1915(b)(2), the institution administering the plaintiff's inmate account shall withdraw such amounts from the account and remit the same to the Clerk, U.S. District Court, until the filing fee is paid in full, as verified by separate notice from the Clerk to the warden of the institution.

## II.   FRIVOLITY SCREENING

### A.   Standard of Review

The Court is required to screen "as soon as practicable" a prisoner complaint which "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  However, the Court must dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (citations omitted)); see also

3

Ashcroft v. Iqbal, 556 U.S. 662, 681-84 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

**B.     Discussion**

Plaintiff brings this action against the DeKalb County Jail.  (Am. Compl. 1, 3.) Plaintiff alleges that on May 3, 2014, unidentified jail officials handcuffed plaintiff, who is 66 years old, slammed plaintiff into the wall, threw him on the floor, picked him up, and threw him on the floor a second time.  (Id. at 3.)  Plaintiff maintains that, as a result of this incident, he sustained deep cuts on both of his wrists and that his blood pressure increased.  (Id. at 4.)  Plaintiff seeks monetary relief.  (Id.)

4

Pursuant to § 1983, a plaintiff may pursue relief for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights. See Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). The DeKalb County Jail is not a legal entity subject to suit under § 1983. Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam). Plaintiff has not named as defendants nor identified the jail officials who allegedly used excessive force against him. Because plaintiff has failed to state a viable claim under § 1983 against the only named defendant, this action is due to be dismissed for failure to state a claim.[2]

## III.   CONCLUSION

For the reasons stated above, plaintiff's request to proceed in forma pauperis [5] is **GRANTED**, and the undersigned **RECOMMENDS** that this action be **DISMISSED** for failure to state a claim.

The Clerk **SHALL** transmit a copy of this Order to the Warden of the DeKalb County Jail in Decatur, Georgia. The Warden, or his designee, shall collect the

---

[2] Notably, in the Order directing plaintiff to amend his initial complaint, the Court gave plaintiff very specific instructions regarding the proper filing of an amended complaint, including that plaintiff "clearly identify each defendant responsible" for plaintiff's injuries. (Order of Sept. 22, 2014 [2] at 3.)

5

aforesaid monthly payments from the plaintiff's inmate account and remit such payments to the Clerk of the United States District Court for the Northern District of Georgia until the $350.00 filing fee is paid in full.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO ORDERED AND RECOMMENDED**, this 6th day of November, 2014.

*Walter E. Johnson*

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)